UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CONRAD ZDZIERAK, : NO. 1:12-cv-00386
:
     Petitioner, :
: **OPINION AND ORDER**
  v. :
:
WARDEN, CHILLICOTHE :
CORRECTIONAL INSTITUTION, :
:
     Respondent. :

This matter is before the Court on the August 16, 2013 Report and Recommendation of Magistrate Judge Karen L. Litkovitz (doc. 14), to which Petitioner has objected (doc. 19). For the reasons set forth below, we ACCEPT the recommendation of the Magistrate Judge and DENY Petitioner's petition.

I. **Background**

Petitioner was accused of committing a series of robberies, one that occurred on March 5, 2010 and the other five on April 9, 2010. Thereafter Petitioner was indicted on six counts of Aggravated Robbery, six counts of Robbery, and six counts of Having Weapons While Under Disability (see doc. 7-1, Exh. 1). He initially entered a plea of not guilty (see doc. 7-1, Exh. 2). His counsel moved to have him evaluated to see if he was competent to stand trial, which the trial court ordered (see doc. 7-1, Exhs. 3, 4, 5). Based on the report of the psychologist, the trial court found Petitioner competent (see doc. 7-1, Exh. 6). Petitioner then

waived his right to a jury trial and entered guilty pleas to one count of Aggravated Robbery and five counts of Robbery (see doc. 7-1, Exhs. 7, 8, 9). The rest of the charges were dismissed (see doc. 7-1, Exh. 10). Prior to sentencing, the trial court requested another psychiatric evaluation (see doc. 7-1, Exh. 11). Thereafter, the trial court sentenced Petitioner to an aggregate sentence of 25 years, consisting of 10 years for the Aggravated Robbery conviction and 5 years for each of the Robbery convictions, three of the five to be served consecutively to the sentence for Aggravated Robbery and each other, with the remaining two to run concurrent to each other and the previous three sentences for Robbery (see doc 7-1, Exh. 12).

Petitioner, through counsel, filed a notice of appeal (doc. 7-1, Exh. 13). He raised three assignments of error: (1) his guilty plea was not "knowingly, intelligently, and voluntarily entered" in violation of the Fourteenth Amendment and the Ohio Constitution; (2) he received ineffective assistance of trial counsel when counsel failed to fully explain the plea consequences to him and withdraw the plea prior to sentencing; and (3) he was denied due process and subject to cruel and unusual punishment when the trial court sentenced him to an aggregate 25-year term of confinement (doc. 7-1, Exh. 13A).[1] The Court of Appeals, First Appellate

---

[1] Petitioner filed a pro se motion to file a supplemental brief in support of his appeal that was denied (see doc. 7-1, Exhs. 14, 15).

District, Hamilton County affirmed the judgment of the trial court (see doc. 7-1, Exh. 17). Petitioner then filed a pro se notice of appeal to the Supreme Court of Ohio raising the same assignments of error; it was dismissed "as not involving any substantial constitutional question[]" (see doc. 7-1, Exhs. 18-19, 21).

Petitioner subsequently filed the instant federal habeas petition, raising three grounds for relief. The first asserts that his 25-year sentence amounted to cruel and unusual punishment and violated what he terms the "sentencing proportionality and consistency" allegedly required by Oregon v. Ice, 555 U.S. 160 (2009) (doc. 1, Memorandum in Support at 6-11). The second claims that the trial court should have declined to accept his guilty plea because, considering his mental state and lack of understanding, it was not knowingly, intelligently, or voluntarily entered, and thus obtained in violation of his due process rights (doc. 1, Memorandum in Support at 11-13). Finally, the third posits that he was denied effective assistance of trial counsel because his attorney failed to fully explain to him the consequences of the plea or recognize his lack of understanding (doc. 1, Memorandum in Support at 13-15). Respondent answers in his Return of Writ that the three grounds are without merit (doc. 7).

Petitioner sought and was granted an extension of time to file his traverse brief (see docs. 8, 9). Instead, however, he filed a motion to "withdraw" his petition under Fed. R. Civ. P. 41(a)(2),

3

indicating his intent to file a motion with the state trial court to withdraw his guilty plea (see doc. 10). Respondent opposed the motion, arguing that the factors articulated in Rosenthal v. Bridgestone/Firestone, Inc., 217 F. App'x 498, 500 (6th Cir. 2007) weighed against allowing withdrawal (see doc. 11). Petitioner then filed a motion to convert his motion to withdraw into a motion to stay this case and hold his petition in abeyance while he exhausts a newly discovered due process claim in state court (see doc. 12). Specifically, Petitioner asserts that the record confirms he did not possess a handgun when he committed the robberies of which he was accused, and thus the trial court should not have accepted his guilty plea to the crime of Aggravated Robbery as defined in Ohio Rev. Code § 2911.01(A)(1) (doc. 12 at 2-5). Respondent urges that the circumstances of this case do not warrant stay and abeyance under Rhines v. Weber, 544 U.S. 269 (2005) and asks the Court to dismiss the petition with prejudice for the reasons he previously articulated (see doc. 13).

## II. The Magistrate Judge's Report & Recommendation

The Magistrate Judge determined that Petitioner's first ground–regarding the maximum and consecutive terms of confinement to which he was sentenced–is not cognizable under 28 U.S.C. § 2254(a) because federal courts are without jurisdiction to review the decisions of state courts applying state law and, in any event, without merit under State v. Hodge, 128 Ohio St. 3d 1, 2010-Ohio-

6320, 941 N.E.2d 768 (see doc. 14 at 8-13). She also determined that his third ground, while cognizable, likewise is without merit because Petitioner had not demonstrated that the decision of the First Appellate District was contrary to, or an unreasonable application of, the Strickland v. Washington, 466 U.S. 668 (1984) standard regarding what constitutes ineffective assistance of counsel. See 28 U.S.C. § 2254(d)(1). (See doc. 14 at 19-21.) Petitioner does not object to either of these proposed findings.

Petitioner's second ground for relief challenges the validity of his guilty pleas, partially owing to the medication he was taking at the time he entered them. To this end, the Magistrate Judge noted that the First Appellate District considered the precise issue of whether the pleas were knowingly, intelligently and voluntarily entered, and decided there had been no federal (or state) constitutional violation. The Magistrate Judge's own review of the record confirmed the reasonableness of the state appellate court's decision and, as before, did not find it to be contrary to, or an unreasonable application of, United States Supreme Court precedent as necessary under Section 2254(d)(1). (See doc. 14 at 13-17.) Petitioner similarly does not object to this proposed finding.

At the conclusion of her analysis of Petitioner's second ground for relief, the Magistrate Judge addressed the due process claim that underpins both Petitioner's initial motion to dismiss

his petition and his supplemental motion to convert same into one for stay and abeyance. Petitioner contends that his guilty plea to the single count of Aggravated Robbery was involuntary because he was not specifically informed that one must actually possess a gun during a robbery in order for it to be "aggravated" under the statute and because his attorney advised the trial court at sentencing that in fact Petitioner did <u>not</u> have a firearm with him when these robberies took place. (<u>See</u> doc. 14 at 17.) The Magistrate Judge again conducted her own review of the record. She referenced the first count of the indictment concerning the March 5 credit union robbery, which alleged that Petitioner "had a deadly weapon on or about his person or under his control, and displayed, brandished, indicated possession or used the deadly weapon, to wit: A HANDGUN" (doc. 7-1, Exh. 1 at 2), and noted that Petitioner confirmed at his change of plea hearing that he had received a copy of the indictment (doc. 7-2, Change of Plea Transcript at 12-13). Continuing, she reprinted from that hearing transcript the prosecutor's recitation of facts regarding the charge of Aggravated Robbery and the exchange that followed:

> MR. PIEPMEIER: Your Honor, <u>the first offense, the aggravated robbery</u>, occurred on March 5th of this year, 2010, in Hamilton County, State of Ohio.
>
> On that date, in committing a theft offense, that being U.S. currency belonging to the Chaco, C-H-A-C-O, Credit Union, <u>the defendant had a deadly weapon on or about his person; to wit: a hand gun</u>.
>
> With reference to Count 5 - -

>      THE COURT: Excuse me. Is there a firearm specification here?
>
>      MR. PIEPMEIER: No there's not. There isn't one in the indictment.
>
>      THE COURT: All right.
>
>      MR. PIEPMEIER: Count 5 - - <u>but the charge itself contains the allegation that he did have a firearm on or about his person</u>.

(Doc. 7-2, Change of Plea Transcript at 3-4 (emphasis added).) Moreover, the Magistrate Judge also cited that portion of the transcript during which the trial judge specifically asked Petitioner if he understood that a guilty plea was a "complete admission of guilt" and that he was giving up his constitutional right to have the prosecution prove his guilt beyond a reasonable doubt on every element of each of the crimes with which he was charged, to which Petitioner responded in the affirmative (doc. 7-2, Change of Plea Transcript at 8, 23-24). Accordingly, the Magistrate Judge reasoned that the record did <u>not</u> support Petitioner's claim that he was "uninformed" concerning the nature of the charge of Aggravated Robbery or "reasonably remained unaware" of the allegation that he possessed a gun during the March 5 robbery (see doc. 14 at 18). On the premise then that Petitioner cannot show that this unexhausted claim has any potential merit, the Magistrate Judge concluded that there is no basis for stay and abeyance under <u>Rhines v. Weber</u>, 544 U.S. 269, 277 (2005) (doc. 14 at 18 n.5). Therefore, by separate order docketed the same day as

7

her Report and Recommendation, she denied his pending motions (see docs. 10, 12) as moot (see doc. 15). It is to this portion of the Magistrate Judge's Report and Recommendation that Petitioner objects.

### III. Petitioner's Objections

Petitioner's first objection is that "[t]he Magistrate has incorrectly lumped Zdzeriak's unexhausted claim with Ground Two of his initial filing[]" (doc. 19 at 1). He contends that his exhausted claim–now pending before this Court–is that the trial court <u>failed to comply</u> with perceived statutory requirements for an Aggravated Robbery conviction, while his purported unexhausted claim–now pending in state court–is that the trial court <u>affirmatively disregarded</u> them. Because the trial court "unequivocally" knew not only that possession of a deadly weapon is an element of the crime under Ohio Rev. Code § 2911.01(A)(1), but also that Petitioner did not possess a firearm during his robberies, he argues that his sentence is void. He relies on <u>State v. Beasley</u>, 14 Ohio St. 3d 74, 75, 471 N.E.2d 774, 775 (1984) for the proposition that "[a]ny attempt by a court to disregard statutory requirements when imposing a sentence renders the attempted sentence a nullity or void[]" (doc. 19 at 2-3).

Petitioner's second objection is that the "Magistrate's refusal to allow Zdzierak full exhaustion of his new claim[] should not keep Zdzierak from filing a second petition for [h]abeas

8

[c]orpus relief pursuant to 28 U.S.C. § 2244(b)[]" (doc. 19 at 3). He references the abuse of writ doctrine, reciting that a "successive" barred petition arises through either deliberate abandonment or inexcusable neglect, see In re Bowen, 436 F.3d 699, 704 (6th Cir. 2006) (citing McCleskey v. Zant, 499 U.S. 467, 489 (1991)), and he states that neither has occurred in his case.

**IV. Discussion**

Although the Magistrate Judge denied both Petitioner's initial motion to withdraw and his subsequent motion for stay and abeyance by separate order, she discussed their merits within the Report and Recommendation before us for review and pronounced them moot based on her reasoning therein. Accordingly, the Court will consider Petitioner's first objection, even though it appears to take issue more with her denial of his motion for stay and abeyance than with that portion of her report concerning Ground Two of his petition. We regard these issues to be sufficiently intertwined, and thus we proceed.

It is well-established that a "total" exhaustion of state law claims is a prerequisite to federal habeas review. Rose v. Lundy, 455 U.S. 502, 510 (1982). And, given AEDPA's one-year statute of limitations, the Supreme Court has approved a stay and abeyance approach involving "mixed" petitions–that is, petitions containing exhausted and unexhausted claims. Rhines, supra, 544 U.S. at 277. Stay and abeyance, however, must be exercised only in "limited"

9

circumstances:

> Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was <u>good cause for the petitioner's failure to exhaust</u> his claims first in state court. Moreover, <u>even if</u> a petitioner had <u>good cause</u> for that failure, the district court would <u>abuse its discretion</u> if it were to grant him a stay <u>when his unexhausted claims are plainly meritless</u>. <u>Cf</u>. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

<u>Id</u>. (emphasis added). At the outset, the Court does not see a meaningful distinction between what Petitioner identifies as his exhausted claim (failure to comply) versus his alleged unexhausted one (affirmative disregard), meaning there is not a mixed petition before this Court. Thus, stay and abeyance obviously would be improper.

Second, even if the petition was mixed, <u>Rhines</u> requires a determination of "good cause" for Petitioner's failure to first exhaust the claim in state court, and this Court finds none. Petitioner maintains that it was not until he filed the instant habeas corpus petition and began to research "case law related to his claims[]" that he realized the trial judge allowed him to plead guilty to <u>Aggravated</u> Robbery when she "knew, unequivocally, that there was no factual basis for this plea. Yet she allowed a mentally ill Petitioner to plead to an element she knew the state could not prove[]" (doc. 10 at 2, 4; <u>see</u> doc. 12 at 2-4). As did

10

the Magistrate Judge, this Court finds such an assertion to be completely unsupported by the record. The exchanges during his change of plea hearing and sentencing make plain that the state's position from the outset was that Petitioner possessed a handgun during at least one of the six robberies. Petitioner argues that he presumed the written reference to the "fact" that he possessed a gun was a "typo" when it appeared in the state's brief on direct appeal (see doc. 7-1, Exh. 16 at 1) and again in the state's brief arguing against discretionary appeal before the Supreme Court of Ohio (see doc. 7-1, Exh. 20 at 1). Seeing the same "inconsistency" in Respondent's Answer to his habeas corpus petition (see doc. 7 at 4), however, supposedly provoked an epiphany in this regard (see doc. 10 at 2-4; doc. 12 at 2). Yet it is clear that the issue of whether Petitioner possessed a gun was discussed at his change of plea hearing (doc. 7-2, Change of Plea Transcript at 5-6) and at sentencing (doc. 7-3, Sentencing Transcript at 37, 49 ). Without a doubt, Petitioner was on notice of the existence of this "inconsistency" from the beginning, undermining any demonstration of good cause.

Finally, even if his petition was mixed and good cause supported his failure to exhaust, as the Magistrate Judge has indicated, Petitioner's claim is plainly meritless. According to the Sixth Circuit, "the requirement that a sentencing court must satisfy itself that a sufficient factual basis supports the guilty

11

plea is <u>not a requirement of the Constitution</u>, but rather a requirement created by rules and statutes." <u>United States v. Tunning</u>, 69 F.3d 107, 111 (6th Cir. 1995) (emphasis added). For example, Fed. R. Crim. P. 11(b)(3) requires a district court to "determine that there is a factual basis for the plea." But because this mandate is not grounded in the United States Constitution, "the lack of such development will not provide a basis for federal habeas corpus relief." <u>Barber v. United States</u>, No. 2:07-cv-792, 2008 WL 5111187, at *7 (S.D. Ohio Dec. 2, 2008) (citation omitted) (Report and Recommendation), <u>adopted</u>, 2009 WL 604187 (S.D. Ohio Mar. 9, 2009). That habeas relief was denied under Section 2255 rather than Section 2254 matters not. Regardless of whether the trial court positively knew that Petitioner did not possess a firearm while committing the robberies to which he pled guilty, no federal constitutional violation occurred.[2] Thus, the Magistrate Judge's determination that no due process violation attended Petitioner's entry of his guilty pleas, including his plea to the crime of Aggravated Robbery as described in his motion for stay and abeyance, is correct. Petitioner's objection in this regard, therefore, is OVERRULED.

Petitioner's second objection is anticipatory and thus may not

---

[2]Petitioner's reliance on <u>Beasley</u> is misguided. The "statutory requirements" that the trial court had erroneously ignored were mandatory penalties for convictions, not the elements of the crime to which the defendant pled guilty. <u>Beasley</u>, <u>supra</u>, 18 Ohio St. 3d at 75, 471 N.E.2d at 775.

12

be considered by the Court at this time. Petitioner appears to ask that we issue an advisory ruling that "his new claim" would not be subject to dismissal under 28 U.S.C. § 2244(b) were it included in a numerically second habeas petition <u>yet</u> to be filed. While a federal district court has subject matter jurisdiction in the first instance to decide whether a petition is "second" or "successive" under Section 2244(b) prior to transferring it to a court of appeals, <u>see</u> <u>In re Smith</u>, 690 F.3d 809, (6th Cir. 2012), a numerically second petition must <u>actually</u> be filed. As no numerically second petition is pending before this Court, Petitioner's second objection also is OVERRULED.

## IV. <u>Conclusion</u>

This Court has considered carefully Petitioner's Objections, engaging in a <u>de</u> <u>novo</u> review of the issues he has raised. <u>See</u> 28 U.S.C. § 636(b)(1)(B),(C). Because we find the Magistrate Judge's Report and Recommendation (doc. 14) to be thorough, well-reasoned and correct, we hereby ACCEPT, ADOPT and AFFIRM it and OVERRULE Petitioner's Objections for the reasons discussed above. Therefore, Petitioner's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (doc. 1) is DENIED WITH PREJUDICE.

Further, the Court FINDS that a certificate of appealability should not issue with respect to the claims alleged in the petition, which have been decided on the merits, because Petitioner has failed to make "a substantial showing of the denial of a

13

constitutional right," Slack v. Daniel, 529 U.S. 473, 483-84 (2000), and because the issues presented were inadequate "'to deserve encouragement to proceed further[,]'" id. at 484 (quoting Barefoot v. Estelle, 463 U.S. 880, 893 & n.4 (1983) (citations and internal quotation marks omitted)). See 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

Finally, we CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal of this Order would not be taken in good faith; therefore, any application made to this Court to appeal in forma pauperis upon a showing of financial necessity will be DENIED. See Fed. R. App. P. 24(a)(3)(A); Kincade v. Sparkman, 117 F.3d 949, 952 (6th Cir. 1997).

SO ORDERED.


Dated: June 17, 2014       s/S. Arthur Spiegel
                           S. Arthur Spiegel
                           United States Senior District Judge